UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 09-20186-CIV-GRAHAM

DANNY SIMPSON,

    Plaintiff,

vs.

STEINER TRANSOCEAN LTD.
and NCL (BAHAMAS), LTD.,

    Defendants.
_____/

### ORDER

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Remand and for Attorney's Fees and Costs [D.E. 2].

**THE COURT** has considered the motion, the pertinent portions of the record, and is otherwise duly advised in the premises.

### I. BACKGROUND

Plaintiff commenced this action in September 2007 in state court under the Jones Act, 46 U.S.C. § 30104 and General Maritime Law. [See D.E. 1 at 36, Amended Complaint.] On January 23, 2009, Defendants removed the action to federal court alleging that removal was proper because federal courts have original jurisdiction over cases of admiralty and on the basis of an employment contract between Plaintiff and Defendant Steiner wherein the parties agreed that all disputes would be litigated in the United States Court for the Southern District of Florida. Id. at 2.

Plaintiff moves to remand the case to state court arguing, inter alia, that Jones Act cases are not removeable. [See D.E. 2]. Plaintiff also maintains that, aside from the established law barring the removal of Jones Act cases, Defendants' efforts to remove this case are untimely and beyond the thirty-day period set forth in 28 U.S.C. § 1446(b). Defendants oppose remand and emphasize that removal was based on an employment contract that Defendant Steiner recently located, which provides exclusive venue in the federal courts for the Southern District of Florida. [See D.E. 5.]

## II. LAW AND DISCUSSION

Generally, a Jones Act claim brought in state court cannot be removed to federal court. See Lewis v. Lewis & Clark Marine, Inc., 121 U.S. 438, 455 (2001); see also Alvarez v. Apollo Ship Chandlers, Inc., 2002 WL 31933666, *3 (S.D. Fla. 2002) (granting motion to remand where indemnity claim against insurer and tort claim under the Jones Act arose from a single invasion of plaintiff's rights); Keegan v. Sterling, 610 F. Supp. 789, 790 (S.D. Fla. 1985) (remanding case where independent claim was joined with non-removeable Jones Act claim).

The parties do not dispute that this case arises under the Jones Act. Indeed, Defendants concede as much in the Notice of Removal [D.E. 1 ¶ 2] and in their pleadings opposing remand [D.E. 5 ¶ 1.] There is no allegation that the Jones Act claims are

improperly plead. Rather, Defendants argue that the venue selection clause in the recently found employment contract should be enforced to require that litigation proceed in federal court. Defendants, however, provide no persuasive authority for their position.

Defendants are correct that, as a general matter, forum selection clauses in admiralty cases are valid and enforceable, see Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 586, 591-92 (1991), but this case does not hinge on the clause in the employment agreement. Defendants cite no case and the Court is aware of none that stands for the proposition that a contractual venue selection clause trumps the long standing law against removing a Jones Act case. Defendants cite two cases for the proposition that "were there no venue selection clause in the employment contract, this action would fall within the general rule that Jones Act cases are not removeable." [D.E. 5 ¶ 8]. Significantly, however, the cases relied upon by Defendants are inapposite. The Fifth Circuit case of Fields v. Pool Offshore, Inc., 182 F.3d 353 (5th Cir. 1999) did not address a contract, but rather discussed what constituted a "vessel" for purposes of the Jones Act. Id. at 357. Similarly inapplicable is Williams v. M/V Sonora, 985 F. 2d 808 (5th Cir. 1993), a case that dealt with removal under the Foreign Sovereign Immunities Act.

The Court finds this case is no exception to the general rule that Jones Act cases are generally not removeable. Indeed, adopting Defendants' position would mean that parties could contractually abrogate the long settled rule against removal of Jones Act cases. Such a result appears contrary to law. See also Rozanska v. Princess Cruise Lines, Ltd. (Corp.), 2008 U.S. Dist. LEXIS 95773, *17 n.5 (S. D. Fla. 2008) (denying motion to dismiss on different grounds, but opining that it appears venue selection clauses are not enforceable in Jones Act cases). Therefore, based on the record before this Court, the case must be remanded to state court for further proceedings.

Because the Court finds that this Jones Act case was improperly removed, it need not address Plaintiff's argument that removal was untimely. Suffice it to note that according to Plaintiff, prior to removal, this matter was on the February 2009 trial calendar before the state court [See D.E. 2 at 3.] The parties shall proceed with dispatch so that the matter may promptly resume in state court.

Lastly, the Court recognizes that Plaintiff requests costs and expenses incurred as a result of Defendants' improper removal. [See D.E. 2 at 6.] On this record, the Court is not [inclined] to grant fees and costs. Therefore, that [handwritten annotation] ff's motion is denied.

4

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand and for Attorney's Fees and Costs [D.E. 2] is **GRANTED, IN PART, AND DENIED, IN PART** as set forth herein.  It is further

**ORDERED AND ADJUDGED** that this cause is **REMANDED** and the Clerk of Court is directed to forthwith transfer this case to the Circuit Court for the Eleventh Judicial Circuit in and for Miami Dade County, Florida.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of March, 2009.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:  Counsel of Record